[Cite as *Brecksville v. Werstler*, 2014-Ohio-2388.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100041

## CITY OF BRECKSVILLE

PLAINTIFF-APPELLEE

vs.

## LOTTIE K. WERSTLER

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Garfield Heights Municipal Court
Case No. CRB-1203194

**BEFORE:** Celebrezze, P.J., S. Gallagher, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** June 5, 2014

**ATTORNEYS FOR APPELLANT**

Russell S. Bensing
1350 Standard Building
1370 Ontario Street
Cleveland, Ohio   44113

Erin R. Flanagan
2000 Standard Building
1370 Ontario Street
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Sergio I. DiGeronimo
City of Brecksville Prosecutor
8748 Brecksville Road
Suite 130
Brecksville, Ohio   44141

Rachel A. Kopec
8748 Brecksville Road
Suite 216
Brecksville, Ohio   44141

FRANK D. CELEBREZZE, JR., P.J.:

**{¶1}** Defendant-appellant, Lottie K. Werstler, appeals her conviction for telecommunications harassment. After a thorough review of the record and relevant case law, we affirm appellant's conviction.

## I. Procedural and Factual History[1]

**{¶2}** This case arose out of a criminal complaint filed on August 29, 2012, by Detective Daniel Jereb of the Brecksville Police Department, alleging that appellant had engaged in telecommunications harassment in violation of section 537.10 of the Codified Ordinances of the City of Brecksville. The complaint states that appellant

> did knowingly make or cause to make, a telecommunication, or permit a telecommunication to be made from a telecommunication device under her control, with the purpose to abuse, threaten, or harass another person. To wit: Continually sending text messages and emails to Brian J. Cuglewski despite being warned to cease and desist from doing so.

**{¶3}** On May 20, 2013, the case proceeded to a jury trial. The city first presented the testimony of Officer Jeff Rowe of the Brecksville Police Department. Officer Rowe testified that he was on duty on April 4, 2012, when Brian Cuglewski, the alleged victim, complained of receiving unwanted phone calls, text messages, and emails from appellant. In response to the complaint, Officer Rowe left appellant numerous voicemails requesting her to stop contacting Cuglewski. Officer Rowe testified that he believed he

---

[1] The parties stipulated to an agreed statement as the record on appeal, pursuant to App.R. 9(D).

reached appellant's correct voicemail because the outgoing message included the name "Lottie."

{¶4} Additionally, Officer Rowe attempted to reach appellant by telephoning her at her place of employment. However, he testified that when he asked for appellant and identified himself as a Brecksville police officer, the woman who answered the phone hung up on him. Based on his unsuccessful attempts to contact appellant, Officer Rowe requested that the Newton Falls police go to appellant's home and personally advise her to call Officer Rowe.

{¶5} Detective Daniel Jereb testified that Cuglewski came into his office on August 1, 2012, with copies of all the emails he had received from appellant from December 27, 2011, to August 1, 2012. Based on the content of the emails, Det. Jereb filed a criminal complaint against appellant on August 29, 2012.

{¶6} Brian Cuglewski was the final witness for the city. He testified that he had met appellant while the two were involved in a volunteer organization. According to Cuglewski, appellant began sending him numerous and unusual emails following her placement on mandatory leave from the volunteer organization in early 2012. Collectively, appellant sent Cuglewski a total of 56 emails from December 27, 2011, to February 9, 2012, some suggesting her desire to have a romantic relationship with him and others blaming him for her dismissal from the volunteer organization. Included in the emails were statements such as, "Getting a new phone just to be able to bug you"; "I do have other things I can do in my life besides bug you"; "It's been fun bugging you";

"Forced personal leave has been totally worth it to be able to trick and bug you"; "Are you tired of my emails yet? You really do suck... I hope you get this message."

{¶7} On February 15, 2012, Cuglewski sent an email to appellant stating, "I do not want to engage in a personal or professional relationship with you. Please cease from sending me further correspondence." Despite Cuglewski's request, appellant continued to send him unwanted emails. In total, appellant sent Cuglewski more than 90 additional emails from February 15, 2012, to August 1, 2012.

{¶8} Cuglewski testified that he felt "alarmed" and "uncomfortable" with the volume and content of appellant's emails. Further, he stated that he felt "abused" and "harassed" by the insults contained in some of the emails. Finally, Cuglewski testified that he felt "scared" and "threatened" by appellant's references to dreams she was having about him, especially after she acknowledged that she had been contacted by the police but was ignoring their repeated warnings to stop the correspondence.

{¶9} Defense counsel moved for a Crim.R. 29 judgment of acquittal at the close of the city's case and again at the close of trial. The trial court denied both motions. At the conclusion of all evidence, the jury found appellant guilty of telecommunications harassment.

{¶10} Appellant now brings this timely appeal, raising two assignments of error for review:

> I. The trial court erred in its denial of appellant's motions for acquittal because the prosecution failed to present sufficient evidence to meet the statutory conviction requirements.

II. The trial court erred in entering a judgment of conviction which was against the manifest weight of the evidence.

## II. Law and Analysis

**{¶11}** In her first assignment of error, appellant argues that the trial court erred in denying her motions for acquittal because the prosecution failed to present sufficient evidence to meet the statutory conviction requirements. In her second assignment of error, appellant argues that her conviction was against the manifest weight of the evidence. Because appellant's first and second assignments of error raise similar arguments, we consider them together.

**{¶12}** A Crim.R. 29(A) motion challenges the sufficiency of the evidence. When reviewing a challenge of the sufficiency of the evidence, an appellate court examines the evidence admitted at trial and determines whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id*. A sufficiency challenge requires us to review the record to determine whether the state presented evidence on each of the elements of the offense. *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). A reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *State v. Thompkins*, 78 Ohio St.3d 380, 390, 678 N.E.2d 541 (1997).

**{¶13}** In contrast to a sufficiency argument, a manifest weight challenge questions whether the state met its burden of persuasion. *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 12. When reviewing a claim challenging the manifest weight of the evidence, "the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Thompkins* at 387. After reviewing the entire record, the reviewing court must weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Id*.

**{¶14}** Appellant was convicted under Brecksville Ordinance 537.10(b), which provides, in pertinent part: "No person shall make * * * a telecommunication * * * with purpose to abuse, threaten, or harass another person."

**{¶15}** In challenging the sufficiency and the weight of the evidence supporting her conviction, appellant asserts that the city failed to prove that she "purposely" abused, threatened, or harassed Cuglewski. We disagree.

**{¶16}** "A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature." R.C. 2901.22(A). It is not necessary to have direct evidence of a defendant's intent. "Because the intent of an accused dwells in his or her

mind and can never be proved by the direct testimony of a third person, it must be gathered from the surrounding facts and circumstances." *State v. Treesh*, 90 Ohio St.3d 460, 484-485, 2001-Ohio-4, 739 N.E.2d 749; *State v. Huffman*, 131 Ohio St. 27, 1 N.E.2d 313 (1936).

{¶17} In the case at hand, the record reflects that appellant sent Cuglewski over 140 emails in less than an eight-month period of time, often sending multiple emails a day. Within many of the emails, appellant acknowledged her outright refusal to respect Cuglewski's request that she stop contacting him, and she often stated, specifically, that the purpose of her emails was to "bug" him. Moreover, appellant's conduct continued even after the Brecksville police intervened in the matter. When questioned about appellant's conduct, Cuglewski testified that the volume and content of the communications made him feel alarmed, abused, harassed, scared, and uncomfortable.

{¶18} While the telecommunications may not have been threatening in nature, they were certainly harassing. Harassment is not defined in the ordinance, but is defined in Merriam-Webster's Collegiate Dictionary (11th Ed.2005) as "to annoy persistently * * * to create an unpleasant or hostile situation * * * by uninvited and unwelcome verbal or physical conduct * * * ." *See also Black's Law Dictionary* 733 (8th Ed.Rev.2004) (defining "harass" as "[w]ords, conduct, or action that, being directed at a specific person, annoys, alarms, or causes substantial emotional distress in the person and serves no legitimate purpose").

{¶19} In our view, and under the limited circumstances of this case, the content of the emails collectively demonstrated that appellant's specific intent in persistently communicating with Cuglewski was to "bug" him due to her dissatisfaction with how their professional relationship terminated. Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have concluded that appellant purposely acted to "annoy"or "alarm" Cuglewski and that her conduct served no legitimate purpose. Consequently, appellant's conviction was supported by sufficient evidence.

{¶20} Furthermore, we find nothing in the record of the proceedings below to suggest that the jury lost its way or created such a manifest miscarriage of justice as to warrant the reversal of appellant's conviction. As the trier of fact, the jury was in the best position to weigh the credibility of the witnesses and was free to find Cuglewski's testimony to be credible. Accordingly, appellant's conviction is not against the manifest weight of the evidence.

{¶21} Appellant's first and second assignments of error are overruled.

{¶22} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Garfield Heights Municipal Court to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

SEAN C. GALLAGHER, J., CONCURS;
MELODY J. STEWART, J., CONCURS IN JUDGMENT ONLY